# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00329-CV

---

**M. H., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-FM-18-003073, THE HONORABLE DUSTIN M. HOWELL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

M.H. (Mother) appeals from the trial court's final decree terminating her parental rights to her daughter "Jane," who was born in November 2017.[1] We will affirm.

The Texas Department of Family and Protective Services sought custody in May 2018 after receiving a report of neglectful supervision alleging that Mother was homeless, was bipolar, and had a history of methamphetamine use. The report stated that in early May, while under the influence of drugs and "very paranoid and in fear for her life," Mother placed Jane with Jane's godmother, asking her to care for Jane for three months. A week later, she insisted that Jane be taken to the home of "Diane" and Diane's son, "Eric," who has schizophrenia and takes medication for the condition. The Department learned that in 2016, Diane's granddaughter

---

[1] We refer to appellant as "Mother" and to the child and others by pseudonyms. *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8. The trial court also terminated the parental rights of Jane's possible fathers, but they did not appeal.

made an outcry of sexual abuse by Diane's husband, the child's grandfather, resulting in a finding of "reason to believe for neglectful supervision" as to Diane. The Department also learned that Eric has an "extremely concerning criminal history, including offenses toward children." Diane admitted that Eric "was caught watching pornography in a community center" but denied that he was a registered sex offender. When the Department told Mother about its concerns, Mother "declined to provide any other placement options." She also refused to provide her address.

The Department further stated that there were allegations of domestic violence between Mother and her boyfriend and that Mother had lost custody of her two older sons. Her oldest son was placed with his paternal grandparents in 2008 after he and Mother tested positive for marijuana when he was born. Her younger son was placed with his maternal grandmother in 2015 after he and Mother tested positive for amphetamines and cannabis when he was born. Mother also tested positive for cocaine, did not address her mental health issues, and, when arrested for assault, was "found to be in possession of four kilos of methamphetamines."

In a bench trial held in June 2020,[2] the attorneys told the trial court that they had conducted a mediation and reached an agreement. Although Mother did not sign the agreement, she told her attorney that she could stipulate to Paragraph (O) grounds. *See* Tex. Fam. Code § 161.001(b)(1)(O) (allowing for termination for failure to comply with court order establishing actions necessary to regain custody). Mother's attorney read the trial court her text exchange with Mother, in which Mother said, "Yup," when asked if the attorney could tell the trial court "you agree, but don't want to sign."

---

[2] The trial was held via video conference due to COVID-19. *See* Second Amended Emergency Order Regarding COVID-19, Travis County Civil & Family Courts, Admin. File No. GN-61-121012, signed and filed May 7, 2020. It does not appear that Mother participated.

2

Caseworker Rachel Butler testified that Jane was removed due to concerns about Diane and Eric and Mother's failure to offer any alternative placements. Jane was placed with her foster mother in July, where she remained through trial, and her foster mother hoped to adopt her. Jane had been diagnosed with an "autism disorder" and required occupational and speech therapy, and her foster mother ensured that she went to therapy sessions. Jane was doing well in her foster home, her communications skills had improved, and her foster mother made sure she saw her half-siblings. The record indicates that Mother started with successful visits and engaged in her services. In November 2019, the Department agreed to a monitored return if Mother took a hair follicle drug test. However, the return never occurred because:

> Not only did she not take that hair follicle, but she actually stopped engaging in services. So she was regularly engaged in visits and engaging in all of her services, but then she completely stopped. And since then, even when visits restarted they were very spotty. So they ceased being regular.

Butler testified that Mother took five drug tests in the two years the case was pending, and the record shows she missed more than twenty-five. Butler also said that in the months before trial, Mother often forgot to confirm visitations or arrived late, resulting in the visits being canceled. When she did visit, she tended to walk around cleaning rather than engage very much with Jane. At the conclusion of trial, the court found that Mother failed to comply with a court order setting out actions necessary for her to regain custody of Jane, who was in the Department's care for at least nine months after being removed for abuse or neglect, and that termination was in Jane's best interest. *See id.* § 161.001(b)(1)(O), (2). Mother filed a notice of appeal.

Mother's court-appointed attorney has filed a brief discussing the record, the elements the Department was required to prove, the standard of review, and counsel's

conclusions that Mother has no arguable grounds for appeal and that her appeal is thus frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967); *see also In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) ("Counsel's obligation to the client may still be satisfied by filing an appellate brief meeting the standards set in *Anders v. California*, and its progeny."); *Taylor v. Texas Dep't of Protective & Reg. Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying Anders procedure in appeal from termination of parental rights). Counsel has certified to this Court that she provided Mother with a copy of the brief and the appellate record and informed her of her right to file a pro se brief. Mother has not filed a pro se brief.

We have thoroughly reviewed the record and Mother's brief, and we agree that the appeal is frivolous and without merit. We therefore affirm the trial court's final decree of termination. We deny appellate counsel's motion to withdraw. *See P.M.*, 520 S.W.3d at 27.[3]

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Baker and Kelly

Affirmed

Filed: August 26, 2020

---

[3] The supreme court has held that the right to counsel in suits seeking termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Thus, counsel's obligations to her client have not yet been discharged, and the request to withdraw is premature. *See id.* If after consulting with counsel Mother wishes to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *Id.* at 27-28.